GILES G. HOUGHTON *v.* TIMOTHY H. HOLT AND OTHERS.

*Pleading. Exception.*

In case for digging a channel from a spring on plaintiff's land to and under the wall that marked the boundary of the land, and thereby diverting and impairing the value of the water, plaintiff filed an additional count in trespass *qua. clau.*, alleging that defendants, with force and arms, broke and entered plaintiff's close, dug up his land, and diverted a spring of water, &c. Defendants moved to dismiss the additional count, for that it was for a different cause of action, and the court sustained the motion, but gave plaintiff leave to file an amended count in trespass *qua. clau.* for an injury to the spring alone. Such count was not filed, but the case was treated as though it had been, and tried by jury. The court charged that plaintiff could recover for the breaking and entering and for the digging only so far as they injured the spring. *Held*, that as the original new count was out of the case, and as the charge gave plaintiff the full scope of the counts on which he went to trial, the charge was without error.

CASE for digging a channel from a spring on the plaintiff's land to and under a wall marking the boundary of said land, and thereby diverting the water so that the plaintiff was compelled to use it after it had run three rods in the sun. The action was brought to the December Term, 1877. The plaintiff afterwards filed an additional count in trespass *qua. clau.*, alleging that the defendants with force and arms broke and entered the plaintiff's close, tore down his stone wall, dug up his land and diverted a spring of water that had thitherto issued from the ground on the plaintiff's land, and caused it to issue from the ground on land adjoining the plaintiff's. The defendants pleaded the general issue and gave notice of license. They also moved to dismiss the additional count for that it was not for the same cause of action with the original declaration. The court sustained the motion, but gave the plaintiff leave to file an amended count in trespass *qua. clau.* for an injury to the spring alone, or for the cause alleged in the original declaration. Such count was not filed, but it was treated as filed, and the case was tried by jury at the June Term, 1878, DUNTON, J., presiding.

The defendants claimed, and the court charged, that the plaintiff could recover for the breaking and entering of his close and for

the digging on his land only so far as such digging injured, and affected the value and use of, his spring, *i. e.*, that he could recover only on the cause of action alleged in the original declaration. To that charge the plaintiff excepted. Verdict for the defendants.

*Miner & Fenn*, for the plaintiff.

Case and trespass may be joined for the same cause of action. Gen. Sts. c. 33, s. 14 ; *Hagar* v. *Brainerd*, 44 Vt. 294.

The counts in the declaration are for the same cause of action. They recite the same facts.

If there was a misjoinder the remedy was by demurrer. 1 Chit. Pl. 206, 444 ; *May* v. *Williams*, 3 Vt. 239.

*Burton & Munson* and *J. K. Batchelder*, for the defendants.

Trespass and case may be joined by s. 14, c. 33, Gen. Sts. ; but here the new count was for a different cause of action. The gist of the first count was the injury to the spring. The gist of the second count was the breaking and entering of the close.

The opinion of the court was delivered by

BARRETT, J. No objection or exception appears to have been taken to the motion to dismiss the count in *qua. clau.* filed after December Term, 1877, nor to the allowing of an amended count in trespass *qua. clau.* for the injury to the spring alone. The case was tried on the original declaration, and on said amended count, the original new count in *qua. clau.* being out of the case by the ruling of the court on the motion to dismiss it. It results hence· that there was no question about *misjoinder* of counts when the case went to trial on the general issue and special notice of defence. If the plaintiff had proved either of the counts, he would have been entitled to a verdict. He amended under the decision and allowance of the court, without taking exception thereto, and by that amendment, his last count was for breaking and entering plaintiff's close *by digging from the spring on plaintiff's land through and under his wall* in such a way as to injure the use and value of the spring. Whatever may be thought of such a count

Houghton *v*. Holt et als.

in *qua. clau.*, having reference to the law of the books as to causes of that form of action, the plaintiff saw fit to adopt such a count without objection or exception, and to go to trial by jury upon it. The court, in the ruling excepted to, gave the plaintiff the full scope of the two counts on which he went to trial. In this there was no legal error.

*Judgment affirmed.*